UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TORRES, | No. 2:12-cv-1358 TLN DAD P |
| Petitioner, | |
| v. | ORDER |
| TIM VIRGA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In light of the complexity of the legal issues involved, the court has determined that the interests of justice require appointment of counsel.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Accordingly, IT IS HEREBY ORDERED that:

1. The Office of the Federal Defender is appointed to represent petitioner.

2. The Clerk of the Court is directed to serve a copy of the petition and this order on David Porter, Assistant Federal Defender.

3. Petitioner's counsel shall contact the Clerk's Office to make arrangements for copies of documents in the file.

/////

1

4. In the pending petition petitioner claims that his 135-years-eight-months-to-life sentence for his conduct when he was fourteen-years old constituted cruel and unusual punishment under the Eighth Amendment.

5. The court wishes to receive further briefing addressing the applicability of the decision in Miller v. Alabama, ___ U.S. ___, 132 S. Ct. 2455, 2469 (2012) ("We therefore hold that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.") to this case. Specifically, the court wishes the parties to address whether the decision in Miller v. Alabama applies retroactively to this federal habeas action.[*]

6. A status conference is set for September 27, 2013, at 10:00 a.m. in courtroom #27 for purposes of setting a schedule for the filing of the requested further briefing. If the parties wish to agree in advance to a briefing schedule, they may do so by stipulation and proposed order and the court would then vacate the status conference and schedule the matter for oral argument, if deemed appropriate, after review of the parties' supplemental briefing.

Dated: August 30, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:gp
torres.1358.appt

---

[*] The court notes that federal and state courts are divided on the question of whether the decision in Miller applies retroactively under Teague v. Lane, 498 U.S. 288 (1989), to habeas corpus petitions. See, e.g., State v. Ragland, No. 12-1758, ___ N.W. 2d ___, 2013 WL 4309970, at *5-*8 (Aug. 16, 2013, Iowa) (summarizing the competing arguments and collecting cases). Compare In re Morgan, 713 F.3d 1365, 1367 (11th Cir. 2013) (holding Miller does not apply retroactively), with Johnson v. United States, 720 F.3d 720, 720 (8th Cir. 2013) (per curiam) (holding that Miller established "a new rule of constitutional law, made retroactive to cases on collateral review").

2