UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TORRES, | No. 2:12-cv-1358 TLN DAD P |
| Petitioner, | |
| v. | ORDER |
| TIM VIRGA, Warden, et al., | |
| Respondent. | |

By order dated May 20, 2014, this action was stayed for sixty days and petitioner was directed to notify the court and opposing counsel of the status of several petitions for certiorari pending before the United States Supreme Court in the event that the stay had not been lifted before the period of the stay had expired. On July 14, 2014, petitioner filed the required status report. By order dated August 13, 2014, the stay was extended for another sixty days and petitioner's counsel was directed to notify the court and opposing counsel of the current status of the petition for certiorari filed in DeMola v. Cavazos, Acting Warden, Case No. 13-10288, prior to the expiration of the stay. On October 6, 2014, petitioner's counsel filed the required status report, explaining that the state's response to the DeMola petition for certiorari is currently due on or before October 20, 2014. Good cause appearing, the court will grant an additional 60 day stay of this action. However, the parties are advised that the court is reluctant to grant any further stays of this action unless a compelling showing is made justifying further delay.

1

Accordingly, IT IS HEREBY ORDERED AS FOLLOWS:

1. This action is stayed for sixty days from the date of this order.

2. During the sixty day period of the stay, petitioner's counsel shall keep the court apprised of any legal developments that would justify a lifting of the stay.  In addition, if the stay has not been lifted before the sixty day period of the stay expires, petitioner's counsel shall notify the court and opposing counsel of the then-current status of the petition for certiorari filed in DeMola v. Cavazos, Acting Warden, 13-10288.

3. After the stay is lifted, the parties shall file a proposed schedule for the filing of a traverse and further briefing on the applicability of the decisions in Miller v. Alabama, ___ U.S. ___, 132 S. Ct. 2455 (2012) and Bell v. Uribe, 729 F.3d 1052 (9th Cir. 2013) to this case.

Dated: October 17, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Torres1358.stay3

2