UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN TORRES,

Petitioner,

v.

TIM VIRGA, Warden, et al.,

Respondent.

No. 2:12-cv-1358 TLN DAD P

ORDER AND

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding through appointed counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order dated February 17, 2015, this action was stayed for the fifth time. Petitioner was directed to file a status report before the expiration of the stay and to notify the court and opposing counsel of the status of several petitions for certiorari pending before the United States Supreme Court in the event that the stay had not been lifted before the period of the stay had expired. On April 15, 2015, petitioner filed the required status report.

On July 29, 2015, petitioner filed a motion to stay these proceedings pending the resolution of a state exhaustion petition to be filed in the California courts, and pending a decision by the United States Supreme Court in Montgomery v. Louisiana, Case No. 14-280. Therein, petitioner explains that he seeks a stay in order to return to state court and exhaust the factual basis of his Sixth and Fourteenth Amendment claims, pursuant to the decision in Gonzalez v.

Wong, 667 F.3d 965, 999 (9th Cir. 2011) (ordering the district court to stay federal habeas proceedings to allow the petitioner to present newly discovered evidence to the California Supreme Court). (ECF No. 57 at 4.) Petitioner also informs this court that the briefing schedule in Montgomery extends through September 9, 2015, and that the United States Supreme Court has not yet set a date for oral argument in that case. (Id.)

Respondent has filed a statement of non-opposition to petitioner's motion for a stay. (ECF No. 59.) He recommends that petitioner "have 30 days from the resolution of Montgomery v. Louisiana to commence the exhaustion of his state court remedies and 30 days from the date of exhaustion to return to federal court." (Id.)

A court may stay a petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003) or Rhines v. Weber, 544 U.S. 269 (1995). King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). The procedure varies depending on whether the petition presents fully exhausted claims, or a mix of exhausted and unexhausted claims. Under Kelly, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add the newly-exhausted claims to the original petition. Id. Under Rhines, a court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts. Rhines, 544 U.S. at 277. Under Rhines, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" Kings, 564 F.3d at 1139 (quoting Rhines, 544 U.S. at 277-78). The Kelly procedure, which remains available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140. Petitioner argues that he meets the requirements for a stay of this action under both the Kelly and Rhines decisions.

In light of respondent's statement of non-opposition to petitioner's motion to stay, and good cause appearing, the court recommends a stay of these proceedings under the procedure outlined by the United States Supreme Court in Rhines.

Accordingly, IT IS ORDERED that the August 28, 2015 hearing on petitioner's motion to stay habeas proceedings is vacated.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's July 29, 2015 motion to stay habeas proceedings pending exhaustion (ECF No. 57) be granted;

2. Petitioner be ordered to present all of his unexhausted federal habeas claims, as well as the facts in support thereof, to the California Supreme Court in a state habeas corpus petition to be filed within thirty days from the resolution by the United States Supreme Court of Montgomery v. Louisiana, Case No. 14-280;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be ordered to file and serve a status report in this case on the first court day of each month; and

5. Petitioner be ordered to file and serve a motion to lift the stay of this action, along with a proposed amended petition containing only exhausted claims, within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing

/////

/////

Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: August 18, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Torres1358.stay(5)